THE NORTH HUDSON COUNTY RAILWAY COMPANY, PLAIN-TIFF IN ERROR, v. EDWARD ISLEY, DEFENDANT IN ERROR.

When a horse-car is passing on its track in a public highway, it is the duty of the driver of any vehicle to remove such vehicle from the track in time to give free passage to the car. When the driver should begin to turn his vehicle from the track must depend on the circumstances, on which the driver must exercise a reasonable judgment and do what a prudent man, diligent to give free passage to the car, would do.

On error to the Supreme Court.

For the plaintiff in error, *J. C. Besson.*

For the defendant in error, *M. T. Newbold.*

The opinion of the court was delivered by

MAGIE, J. This action was brought to recover damages for injuries received by Isley in a collision between the wagon in which he was riding and a horse-car of the railway company. The assignment of errors questions the correctness of the judgment in favor of Isley, on the ground that there was not sufficient evidence to justify the submission of his claim to the jury. On the argument it has been contended that the trial judge ought to have non-suited Isley or to have directed a verdict against him and in favor of the company.

This contention is first made upon the ground that the evidence did not disclose any negligence on the part of the company. Several witnesses, however, testified that the car was being driven at an unusual rate of speed. One witness, who had opportunity to observe, further testified that the car driver was not looking at the track, but had his head turned as if talking to a man on the other side, and was so inattentive that although the witness called to him and his hand was on the brake, he made no effort whatever to check the speed

of the car. The driver contradicted these witnesses and testified to a state of facts quite inconsistent with their story.

But on this conflicting evidence it is obvious that there was no warrant for withdrawing the case from the jury. On the contrary, it was necessary to submit to them the determination of the question of the driver's conduct, for if it was what Isley's witnesses testified, he was guilty of negligence in the management of his car, and that negligence was imputable to the company.

The contention of the plaintiff in error is next urged on the ground that the evidence that Isley contributed to his injuries by his own negligence was so strong as to require the trial judge to non-suit or to direct a verdict against him. The insistment is that if Isley's wagon and the horse-car were approaching each other on the same track (as Isley and his witnesses testified), he did not exercise due diligence and care in avoiding a collision.

There is no dispute over the legal rules applicable to the case. They are well settled. The cars of this sort have a right to pass upon their track without hindrance. When the track is not used for the passage of a car, other vehicles may use it in traveling along the street. When the driver of such a vehicle meets an approaching car, he is bound to remove his vehicle from the track in time to give free passage to the car.

But it is obvious that it cannot be settled by any arbitrary rule when a driver should begin to turn from the track to give free passage to an approaching car. Each case must depend on its circumstances, such as the speed with which the car is approaching, the weight and character of the vehicle and the ease or difficulty of turning it from the track, and other similar circumstances. Upon these the driver must exercise a reasonable judgment, and do what a prudent man, diligent to permit free passage to the car, would do.

A careful examination of the evidence has convinced me that the trial judge was correct in submitting to the jury the question whether or not Isley failed to exercise such diligence and care as was required of him. The distance at which he

commenced to turn from the track was variously estimated by the witnesses. Taking the lowest estimate fixed, it was still a question whether his conduct was not that of a reasonably prudent man. One of the witnesses testified (without objection) that he "supposed we had lots of time to turn out."

It further appeared that when Isley first saw the car it was stationary at the terminus of the road. While it remained stationary he could continue to drive upon the track. His duty to remove his vehicle from the track did not arise until the car started or gave indications that it was about to start. Isley testified that as soon as he saw that it was in motion he began to turn from the track. On cross-examination he made some statements which are claimed to be inconsistent with and contradictory of this statement. But there was nothing to justify the judge in directing the jury to disregard his evidence. On the contrary, if his evidence on this point stood alone, the question of the credit to be given to his statement was for the jury. But his statement was not uncorroborated. Westcott, who sat beside Isley, also testified that when the car began to move Isley began to turn from the track, and his testimony seems not to have been shaken on cross-examination.

For these reasons I think the trial judge properly refused to non-suit and to direct a verdict for the company, and I shall vote to affirm the judgment below.

The case of North Hudson County Railway Co. v. Edward Isley and wife was argued with the above, and the same points were presented. For the reasons above given I shall also vote to affirm that judgment.

*For affirmance*—DEPUE, DIXON, MAGIE, PARKER, CLEMENT, COLE, McGREGOR.   7.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, REED, SCUDDER, PATERSON.   5.